```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ALAN KRAUT                         :    CIVIL ACTION
                                   :
     v.                            :
                                   :
FARMERS NEW CENTURY                :
INSURANCE COMPANY                  :    NO. 06-cv-01086-JF


<u>MEMORANDUM AND ORDER</u>

Fullam, Sr. J.                                    June 21, 2006

   Plaintiff was the owner of two automobiles. When he sought to obtain insurance coverage for these vehicles from the defendant, he was advised that he could not insure both cars under the same policy, but would have to obtain two separate policies. He did so. Each policy provided coverage which included $100,000 in underinsured motorist protection. Plaintiff was afforded an opportunity to reject "stacked limits for underinsured motorist coverage" but elected to "retain stacking of my underinsured motorist coverage." Plaintiff was charged, and paid, the extra premium associated with stacked coverage.

   In May 2001, while operating one of the insured vehicles, plaintiff suffered severe injuries in a collision with an underinsured vehicle. When he made claim against the defendant for underinsured benefits, the defendant took the position that the coverages of the two policies could not be stacked, and that the maximum coverage was $100,000. In this action, contending that the limit of liability is $200,000,

plaintiff seeks to recover the additional $100,000, and also has made claims for bad faith.  Defendant has filed a motion to dismiss the complaint for failure to state a valid claim under Fed. R. Civ. P. 12(b)(6).

Initially, defendant's motion was predicated upon the proposition that the "household exclusion" precluded stacking of coverages.  The provision relied upon states:

> A.   We do not provide underinsured motorist coverage for "bodily injury" sustained:
>
>   2.   By a "family member":
>
>      a.   Who owns an auto, while "occupying," or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy.

Plaintiff correctly points out that this provision has no application, since plaintiff was the injured party, and plaintiff was the owner of both of the vehicles insured under the respective policies.  In short, plaintiff is not his own "family member."

There is another provision in the policies in question which can be read to prevent stacking of liability coverages. Under the heading "Two or More Auto Policies" is the following provision:

> "If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all of the policies shall not exceed

        the highest applicable limit of liability
        under any one policy."

But that provision is amended in an attached endorsement "Underinsured Motorist Coverage – Pennsylvania (Stacked)" to make clear that the quoted provision "does not apply to underinsured motorist coverage."

      I have carefully reviewed the labyrinthine language of the policies in question, and can find no provision which deprives plaintiff of the stacked coverage for underinsured benefits that he applied for, and paid for. And the allegations of plaintiff's complaint clearly suffice to allege a basis for bad faith damages. The motion to dismiss will therefore be denied.

      Plaintiff's pleading designates the defendant as "Farmers New Century Insurance Company a/k/a Farmers Insurance." The defendant has filed a motion strike from the complaint all references to "Farmers Insurance Company," alleging that the policies were in fact issued by "Farmers New Century Insurance Company." The motion does not address the question whether the named defendant is sometimes known as "Farmers Insurance Company." But, since plaintiff has not objected, defendant's motion will be granted.

      An Order follows.

```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ALAN KRAUT                           :       CIVIL ACTION
                                     :
          v.                         :
                                     :
FARMERS NEW CENTURY                  :
INSURANCE COMPANY                    :       NO. 06-cv-01086-JF
```

## ORDER

AND NOW, this 21st day of June 2006, IT IS ORDERED:

1.  Defendant's motion to dismiss the complaint is DENIED.

2.  The defendant is properly identified as "Farmers New Century Insurance Company." All references to "Farmers Insurance Company" will be STRICKEN from plaintiff's pleadings. The parties may wish to consider filing one or more motions for summary judgment.

                                        BY THE COURT:


                                        /s/ John P. Fullam
                                        John P. Fullam, Sr. J.